IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22 CV 95 MR WCM

| | |
|---|---|
| JORDAN-ASHLEY, LLC; GREAT TRAIN ROBBERY SOLAR PLANT, LLC; STORAGE DEPOT NC, LLC; THE GREAT TRAIN ROBBERY, LLC; and MOUNTAIN REALTY, LLC, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>PUERTO NUEVO MEXICAN AND SEAFOOD RESTAURANT, INC.; PUERTO NUEVO COMMERCIAL REAL ESTATE LLC; NICOLAS LEON; JAIME LEON; JAVIER LEON OLIVARES; JOSE A. OLIVARES; and EDGAR GUZMAN, <br><br>　　　　Defendants. | ORDER |

This matter is before the Court on a Motion to Quash filed by Erie Insurance Exchange (the "Motion to Quash," Doc. 22); a Motion for Protective Order filed by Jamie Leon, Puerto Nuevo Mexican and Seafood Restaurant, Inc., and Puerto Nuevo Commercial Real Estate LLC (the "First Motion for Protective Order," Doc. 26); a Motion for Protective Order filed by Nicholas Leon (the "Second Motion for Protective Order," Doc. 28); and a Motion for

1

Protective Order filed by Jose Olivares, Javier Leon Olivares, and Edgar Guzman (the "Third Motion for Protective Order," Doc. 30).

The Motions are fully briefed, and a hearing was conducted on October 23, 2023.

The parties' briefing references interrogatories, requests for admission, and requests for production, but the parties' presentations during the October 23 hearing focused on Plaintiffs' requests for documents. Accordingly, the oral rulings issued by the Court at the conclusion of the hearing also focused on the production of documents. This Order memorializes those rulings and explains them in further detail.

This Order does not preclude Plaintiffs from issuing additional or supplemental written discovery requests following Plaintiffs' receipt and review of the documents to be produced as directed herein. However, should Plaintiffs believe that such additional written discovery requests are needed, the undersigned encourages the parties to confer in good faith regarding any necessary expansion of the written discovery limits set out in the Pretrial Order and Case Management Plan.

Having reviewed the parties' filings, the record, and applicable authorities, and having received the arguments of counsel, the Court concludes, as stated on the record at the conclusion of the hearing, that the Motions should be granted in part and denied in part.

**IT IS THEREFORE ORDERED THAT:**

(1) The Motion to Quash (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART** as follows:[1]

  a. With respect to Item 6 in Exhibit A to the subject Subpoena (Doc. 25-2), the Motion is **DENIED AS MOOT** in light of the parties' stipulations.

  b. With respect to Item 7 in Exhibit A to the subject Subpoena:

   i. The Motion is **DENIED AS MOOT** as to the First-Party Fire Loss File in light of Erie's representation that it has produced these materials in their entirety.

   ii. The Motion is **DENIED WITHOUT PREJUDICE** as to the Third-Party Liability Claim File. However, Erie is **DIRECTED TO PRODUCE** a privilege log for any materials withheld from this file.

  c. With respect to Items 1, 2, and 5 in Exhibit A to the subject Subpoena, Erie is **DIRECTED TO PRODUCE** the subject administrative materials for the period of January 1, 2018 through March 5, 2022.

---

[1] During the October 23 hearing, three categories of documents relative to the Motion to Quash were discussed: (1) administrative materials, such as policy applications and related documents; (2) the "First-Party Fire Loss File;" and (3) the "Third-Party Liability Claim File." Those terms are also used for purposes of this Order.

3

(2) The First Motion for Protective Order (Doc. 26), the Second Motion for Protective Order (Doc. 28), and the Third Motion for Protective Order (Doc. 30) (collectively, the "Motions for Protective Orders") are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. In light of Defendants' agreement to produce (1) tax returns for Puerto Nuevo Mexican and Seafood Restaurant, Inc. (the "Restaurant") for 2020-2022; (2) certain bank records for the Restaurant; and (3) certain records for Puerto Nuevo Commercial Real Estate, LLC, the Motions for Protective Orders are **DENIED AS MOOT** as to those records.

    b. The Motions for Protective Orders are **DENIED IN PART**, and Defendants are **DIRECTED TO PRODUCE** the following:

        i. financial statements (specifically balance sheets, income statements, profit and loss statements, and/or financial statements), corporate organizational records, and financial arrangement documents (specially documents pertaining to intercompany loans and/or capital contributions) for the period of January 1, 2018 through March 5, 2022; and

        ii. bank statements for any business-related account from March 5, 2021 through March 5, 2022 held by Jamie Leon,

4

Case 1:22-cv-00095-MR-WCM   Document 44   Filed 10/26/23   Page 4 of 6

Nicholas Leon, Jose Olivares, Javier Leon Olivares, and Edgar Guzman (the "Individual Defendants").

   c. As discussed during the hearing, Defendants are being directed to produce documents held by them and that pertain to them. Documents that pertain to Defendants and that also pertain to non-party entities are to be produced. However, this Order does not require the production of documents held by a Defendant and that relate wholly to a non-party.

   d. The Motions for Protective Orders are **GRANTED** as to tax returns and related documents of the Individual Defendants. This ruling, however, is **WITHOUT PREJUDICE** to Plaintiffs' right to seek these materials at a later stage of the proceedings, if appropriate.

(3) The documents to be produced pursuant to this Order **SHALL BE PRODUCED** on or before November 6, 2023.

(4) A **PROTECTIVE ORDER** is **HEREBY ENTERED** as follows: Any documents or information produced pursuant to this Order 1) shall be used only for the purposes of this litigation, and 2) shall be reviewed only by counsel for the parties, the parties, or their experts in this case. Any request that the terms of this protective order be expanded or modified may be made by motion by either party, or both parties, provided that any such motion **SHALL BE FILED** no later than October 30, 2023.

(5) Starting no later than October 30, 2023, Plaintiffs **SHALL PROVIDE** Defendants access to any documents belonging to Defendants that were left in the building located at 2120 Tynecastle Highway in Banner Elk, North Carolina.

(6) To the extent any of the subject Motions request an award of costs and attorneys' fees, the Court, in its discretion, finds that such an award would not be appropriate at this time.

Signed: October 25, 2023

W. Carleton Metcalf
United States Magistrate Judge